UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP EMIABATA,             ) | |
| )                            | |
| Plaintiff,         ) | |
| )                            | |
| v.                    )      | Civil Action No.   24-01411 (UNA) |
| )                            | |
| )                            | |
| JOHN P. FITZGERALD, III *et al.*,   ) | |
| )                            | |
| Defendants.        ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for want of jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The United States, U.S. agencies, and federal officials and employees are immune from suit save "clear congressional consent[.]" *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Albrecht v. Comm. on Employee Benefits of Fed. Reserve Employee Benefits Sys.*, 357 F.3d 62, 67 (D.C. Cir. 2004) (federal agencies and instrumentalities performing federal functions possess sovereign immunity) (cleaned up); *Clark v. Library of Congress*, 750 F.2d 89, 103 (D.C. Cir. 1984) (confirming immunity for government employees acting in their official capacity). A waiver of immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (cleaned up). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Plaintiff brings this action against two Acting United States Trustees, John P. Fitzgerald III and Gerard R. Vetter, in their official and personal capacities.  Compl., ECF No. 1 at 1.  The prolix pleading is difficult to follow but arises from Plaintiff's Chapter 13 bankruptcy proceedings, *id*. at 3-4, to which he "is no stranger."  *Emiabata v. Vetter*, No. 23-cv-02008 (CRC), 2024 WL 378039, at *1 (D.D.C. Feb. 1, 2024) (noting in bankruptcy appeal "evidence that Mr. Emiabata and his wife have collectively filed over ten cases in the past ten years"); *see also In re Emiabata*, 642 B.R. 481, 483 (Bankr. D. Conn. July 22, 2022) (finding "cause to sua sponte dismiss this case as a misuse - and abuse - of the bankruptcy system" based on Plaintiff's "approximately thirteen (13) bankruptcy cases in seven (7) Districts -- all of which were dismissed").

In this case based presumably on the U.S. Bankruptcy Court for the District of Columbia's dismissal of Plaintiff's Chapter 13 petition, Plaintiff alleges that U.S. Trustees Fitzgerald and Vetter "are individually responsible for failures to properly apply/administer General Provisions" of the Bankruptcy Code "to investigate and to prosecute any bankruptcy cases [sic] abusers, under their jurisdiction, which [is] Region 4."  Compl. at 6.  He seeks equitable relief and an unspecified amount of damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *See* Compl. at 41-42; *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (*Bivens* "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.").

The "U.S. Bankruptcy Court and the Office of the U.S. Trustee are instrumentalities of the United States" that "are entitled to sovereign immunity."  *Surani v. U.S. Bankruptcy Court*, No. 13-cv-931, 2013 WL 3279265, at *1 (D.D.C. June 28, 2013) (citing *Balser v. Dep't of Justice, Office of the U.S. Trustee*, 327 F.3d 903, 907 (9th Cir. 2003); *Taylor v. U.S. Bankruptcy Court*, No. C.A. 3:03–4117–2, 2004 WL 3217865, *1 (D.S.C. Aug.26, 2004)).  In addition, bankruptcy

2

trustees, like court officers generally, enjoy absolute immunity from personal-capacity lawsuits premised, as here, on decisions rendered within the scope of their charge to safeguard "the assets of the bankruptcy estate under court supervision." *Gross v. Rell*, 695 F.3d 211, 216 (2nd Cir. 2012) (collecting cases).

To the extent Plaintiff seeks review of the D.C. Bankruptcy Court's dismissal order, which also barred him "from initiating any bankruptcy case in any federal district for the next four years," *Emiabata*, 2024 WL 378039, at *1, *see* Compl. at 9-11, 21-22, 39-42, his recourse lies in the pending bankruptcy appeal, No. 23-cv-02008 (CRC). *See Emiabata* at *2 (reasoning that a stay of order transferring Plaintiff's creditor suit to the Western District of Texas "would only further delay the Court's review" of his claims of " 'violation of procedural fair due process,' 'fraud upon the court,' and 'selective prosecution' in the Chapter 13 case"). Consequently, this case will be dismissed by separate order.

Date: May 30, 2024

/s/
AMIT P. MEHTA
United States District Judge